# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID Nos. 0808030106, 0704020877A |
| | ) | |
| MICHAEL N. LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 3, 2021
Decided: November 8, 2021

*Defendant's Motion for Modification of Sentence*

## <u>ORDER</u>

David Hume, IV, Esquire, Chief Prosecutor, Sussex County, Department of Justice, 114 East Market Street, Georgetown, DE 19947, Attorney for State of Delaware.

Edward C. Gill, Esquire, 16 North Bedford Street, Georgetown, DE 19947, Attorney for Defendant.

**KARSNITZ, J.**

On October 18, 2013, Michael N. Lopez ("Defendant") came before this Court for a violation of probation. Under an initial Sentencing Order, Defendant was sentenced as follows: five (5) years of Level 5 incarceration pursuant to 11 *Del. C.* §4204(k), to be followed by six (6) years of Level 5 incarceration, to be followed by an additional five (5) years of Level 5 incarceration suspended after completion of the Green Tree De Novo Program (the "Program"). Completion of treatment was an articulated goal of the initial Sentencing Order.

On March 19, 2021, I modified the sentence to allow the suspension of the remaining Level 5 incarceration at the discretion of the Delaware Department of Correction ("DOC"). My Sentencing Order found that Defendant still needed correctional treatment and that Defendant was to be assessed by DOC "using an objective verified tool for risk/needs/responsivity for placement in programming at Level 5 to address [Defendant's] criminogenic risk and treatment needs."

The Program has been shut down. At the time it was shut down, Defendant had completed five (5) months of the Program. Defendant is close to completing the portion of his sentence which was to be served and was not suspended after completion of the Program.

Defendant argues that my March 19, 2021, sentence modification renders his sentence "an indeterminate sentence at the discretion of the State of Delaware." I disagree. The remaining Level 5 incarceration time is limited to five (5) years

pursuant to the initial Sentencing Order. DOC can reduce that time but not increase it. Moreover, in my Sentencing Order, I did not change the initial Sentencing Order's goal of treatment. Indeed, I specifically found that Defendant continued to need correctional treatment and that he was to be assessed by DOC using an objective standard.

On November 1, 2021, Defendant filed a Motion for Modification of Sentence (the "Motion"), asking that I modify the sentence to provide for five (5) years at Level 5, to be suspended for eighteen (18) months of Level 3 probation.

In support of his Motion, Defendant argues that the additional Level 5 time beyond the original eleven (11) years is excessive, and that the purpose of his treatment program has already been accomplished. He cites: (1) his completion of five (5) months of the Program; (2) his age (39); (3) his engagement to a woman with whom he will live after they are married; (4) his four children; (5) his educational record; (6) his ability to work; and (7) the death of his mother and grandfather. In addition, Defendant states that he will complete a DUI program, obtain counseling for substance abuse, and attend AA meetings.

Superior Court Criminal Rule 35 governs motions for modification of sentence. Under Rule 35(b), a motion for sentence modification "must be filed within ninety days of sentencing, absent a showing of 'extraordinary

circumstances.'"[1]   The Court will not consider repetitive requests for reduction or modification of sentence.[2]   Defendant's Motion is barred for two reasons.

First, this is Defendant's second request for modification of his sentence, and therefore, this Motion is barred as repetitive.

Second, with respect to Defendant's request to suspend his Level V time, this request was filed well beyond the 90-day limit, and therefore, it is time-barred. I will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.

Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[3] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[4] Mitigating factors that could have been presented at sentencing, exemplary conduct, or successful rehabilitation while incarcerated do not constitute

---

[1] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[2] Super. Ct. Crim. R. 35(b).

[3] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[4] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

"extraordinary circumstances."[5] I do not find Defendant has established the existence of any extraordinary circumstances in his Motion. Furthermore, DOC has not submitted an application pursuant to 11 *Del. C.* § 4217.

I continue to believe that Defendant needs further correctional treatment and that he should be assessed by DOC using an objective standard. That assessment may determine that his Level 5 time and his partial completion of the Program have satisfied his treatment needs. On the other hand, that assessment may determine that additional treatment is required. Once DOC completes its assessment and determines what, if any, additional treatment is required, DOC may submit an application pursuant to 11 *Del. C.* § 4217 based upon that assessment, and Defendant may file another Motion for Modification of Sentence based upon that assessment. Now, however, is not the time for that determination to be made.

For the reasons stated above, I **DENY** Defendant's Motion for Modification of Sentence.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc: Prothonotary

---

[5] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

4